# GORDON·FEINBLATT LLC
## ATTORNEYS AT LAW

DAVID S. MUSGRAVE
PHONE/FAX 410.576.4194
dmusgrave@gfrlaw.com

1001 FLEET STREET
SUITE 700
BALTIMORE, MD 21202-4346
410.576.4000
www.gfrlaw.com

September 29, 2021

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, Delaware 19801

      Re:    In re Moon Group, Inc.; Case No. 21-11140

Dear Judge Sontchi:

KORE Capital Corporation ("KORE") submits this letter brief pursuant to the Interim Order Authorizing Debtor-in-Possession Financing (Doc. 165) (the "Financing Order"). In connection with the final funding of the DIP Loan (defined in the Financing Order), KORE seeks payment of the following outstanding fees and expenses:

| | |
|---|---|
| Collateral Monitoring Fees: | $121,278.17 |
| Over Advance Fees: | $109,000.00 |
| Diversion of Payment Fees: | $395,508.30 |
| Field Examination Expenses: | $ 7,500.00 |
| Bond Charges: | $ 3,100.00 |
| Termination Fee: | $ 30,000.00 |
| Marcher Consulting Fees: | $ 8,472.42 |
| Wire Fees: | $ 40.00 |
| Legal Fees and Expenses: | $179,071.85 (as of 9/27/21) |
| Total: | $853,970.74 |

Pursuant to the Financing Order, KORE conferred with the Debtors and Committee counsel to reach an agreement on the amount to be paid to KORE in connection with the final funding of the DIP Loan. The Debtors and the Committee do not object to KORE's Collateral Monitoring Fees and a portion of KORE's legal fees ($10,453.21 attributable to Gellert, Scali, Busenkell & Brown, LLC), but do object to KORE's other fees and expenses.

It is undisputed that KORE is an oversecured creditor. Oversecured creditors may recover post-petition attorneys' fees, costs, and expenses as part of their secured claim pursuant to 11 U.S.C. § 506. To recover post-petition fees and costs, an oversecured creditor must show that the underlying agreement provides for such fees and costs and that they are reasonable. 11 U.S.C. § 506(b). A majority of courts hold that the reasonableness analysis in Section 506(b) only applies with respect post-petition fees and costs. *In re 400 Walnut Associates, L.P.*, 473 B.R. 603, 610 (Bankr. E.D. Pa.



2012). Prepetition fees and costs are allowable pursuant to 11 U.S.C. § 502(b), which requires that the fees and costs be authorized under the controlling agreement and applicable law. *Id.*

As set forth more fully below, KORE is entitled to the above-referenced fees and expenses under the Loan Agreement, attached as collective **Exhibit A**.

KORE's post-petition fees and expenses are reasonable. The Loan Agreement and the modifications thereto were entered into voluntarily and at arm's length between sophisticated parties represented by competent counsel (Silverang, Rosenzweig & Haltzman, LLC for the Debtors and Gordon Feinblatt LLC for KORE). The Debtors agreed to pay these fees and expenses under the Loan Agreement. *See In re School Specialty, Inc.*, 2013 WL 1838513, *4 (Bankr. D. Del. 2013) (authorizing payment of make whole payment from DIP loan proceeds pursuant to loan agreement terms negotiated at arm's length); *In re Lappin Elec. Co., Inc.*, 245 B.R. 326, 331 (Bankr. D. Wisc. 2000) ("They were sophisticated parties and represented by competent counsel. The transaction was entered into voluntarily and at arm's length . . . The creditor is entitled to the benefit of its bargain."). There is no basis under Maryland law (which governs the Loan Agreement) for the Debtors to avoid payment of the fees and expenses that they agreed to pay.

The Debtors may claim that KORE is not entitled to recover these fees and expenses based on the allegations in the recent complaint filed by the Debtors against KORE. The Debtors, however, have reserved their rights to assert these claims and are pursuing them in the pending adversary proceeding. To deny KORE recovery of its fees and expenses would constitute a premature adjudication of those claims. The Debtors' claims against KORE have no bearing on the reasonableness of KORE's fees and expenses and entitlement to those amounts under Sections 502(b) and 506(b).

In particular, KORE is entitled to collect Overadvance Fees under the Forbearance/Loan Modification Agreement dated December 30, 2020, which amended Section 2.9 of the Loan Agreement to state in part that: "If any Overadvance is not paid by the next Business Day after demand, and the Overadvance is more than $500,000.00, the Borrower shall pay ... an Overadvance Fee of $1,000.00 per day until Borrower repays the Overadvance". For July, 2021, the Debtors were overadvanced by more than $500,000.00. The actual overadvance was $1,389,916.08 since the maximum amount of the line of credit was $4,000,000.00. The Debtors thus incurred Overadvance Fees for July, 2021 of $31,000.00. For August, 2021, the Debtors were overadvanced by more than $500,000.00, and thus incurred an additional $31,000.00 in Overadvance Fees. For September, 2021, the Debtors were overadvanced for 17 days, and thus incurred $17,000.00 in Overadvance Fees, for a grand total of $79,000.00.

In addition, under Section 3 of the Waiver/Loan Modification Agreement dated June 28, 2021, the Debtors agreed to pay $10,000.00 to KORE if they did not cure the overadvance by July 2, 2021 and to pay $20,000.00 to KORE if they did not cure the overadvance by July 9, 2021. The Debtors failed to make these payments and thus owe KORE a total of $30,000.00 in addition to the overadvance fees described above (total of $109,000.00).

Of the total Overadvance Fees, $75,000.00 were incurred prepetition (and thus not subject to Section 506(b)) and $34,000.00 were incurred post-petition. KORE's post-petition Overadvance Fees



are reasonable and KORE is entitled to recover all of the Overadvance Fees ($109,000.00) from the final funding on the DIP Loan.

KORE is entitled to collect Diversion of Payment Fees under Section 2.8 of the Loan Agreement, which provides in part: "If any item in payment of such collections or proceeds is not delivered to Lender within two Business Days of receipt, or any remittance received by electronic transfer is not transferred by wire to the Controlled Account within one Business Day of receipt …, a Diversion of Payment Fee equal to 15% of the amount of such collection or proceeds will become immediately due and payable by Borrower …".

In July 2021, there were at least two diversions, one on July 16, 2021 in the amount of $1,294,828.00 from StoneMor Operating LLC ("StoneMor") to the Debtors, resulting in a Diversion of Payment Fee of $194,224.20, and the other on July 29, 2021, in the amount of $939,499.00 from StoneMor to the Debtors, resulting in a Diversion of Payment Fee of $140,924.85. In August, 2021, there was a diversion on August 3, 2021 in the amount of $200,000.00 from StoneMor to the Debtors, resulting in a Diversion of Payment Fee of $30,000.00, and there was a diversion on August 12, 2021 in the amount of $202,395.00 resulting in a Diversion of Payment Fee of $30,359.25. Thus, the total Diversion of Payment Fees relating to the StoneMor payments to the Debtors is $395,508.30, all of which were incurred prepetition. This amount is understated, however, since the Debtors caused other account debtors to divert payment from KORE to the Debtors from and after July 16, 2021.

There is no dispute that StoneMor diverted payments from KORE to the Debtors, all of which occurred pre-petition. As a result, the Diversion of Payment Fees are not subject to Section 506(b), and are valid and collectible under Section 502(b).

KORE is entitled to recover field examination expenses under Section 6.17 of the Loan Agreement, under which the Debtors are obligated to reimburse KORE for KORE's field examinations of the Debtors' operations. KORE incurred $7,500.00 in field examination expenses. A copy of the invoice for KORE's field examination expenses is attached as **Exhibit B**. This pre-petition claim is not subject to Section 506(b) and is valid and collectible under Section 502(b).

KORE is entitled to recover bond charges under Section 10.6 of the Loan Agreement, which provides that the Debtors must pay KORE's fees, costs, and expenses in connection with the protection of its security interest and in connection with any litigation, suit, or proceeding relating to the Loan Agreement or KORE's collateral. KORE commenced a prepetition state court receivership action against the Debtors, in which KORE successfully sought injunctive relief (a Temporary Restraining Order) and incurred injunction bond charges of $3,100.00. This pre-petition claim is not subject to Section 506(b) and is valid and collectible under Section 502(b).

KORE is entitled to recover a termination fee under Section 10.12 of the Loan Agreement, which provides for a $30,000.00 termination fee if KORE terminates the Loan Agreement later than one year after execution of the Loan Agreement. The Debtors incurred a prepetition $30,000.00 termination fee because KORE terminated the Loan Agreement due to the Debtors' defaults thereunder in July, 2021. In comparison to the outstanding obligation, this fee is modest and does not constitute an impermissible penalty. Especially with respect to lines of credit (the KORE credit facility was a line of credit), courts have held that creditors are entitled to recover termination fees. *In re Lappin Elec. Co.,*



*Inc.*, 245 B.R. 326, 331 (Bankr. E.D. Wisc. 2000) (allowing early termination fee). This pre-petition claim is not subject to Section 506(b) and is valid and collectible under Section 502(b).

KORE is entitled to recover its professional fees and expenses pursuant to Section 10.6 of the Loan Agreement. Before the Debtors filed their bankruptcy petitions, KORE retained legal counsel and a financial consultant in connection with the Debtors' breach of the Loan Agreement. In accordance with its rights under its loan documents and applicable law, KORE commenced a confessed judgment action against the Debtors in state court, a state court receivership action against the Debtors, and a federal court action against StoneMor for its diversion of payments away from KORE. Post-petition, KORE has continued to pursue its action against StoneMor, continues to litigate the confessed judgment action against a non-debtor guarantor, and has participated in the Debtors' bankruptcy proceedings.

KORE incurred fees of $8,472.42 from its financial consultant, Marcher Consulting, of which $4,772.42 was incurred prepetition and $3,700.00 was incurred post-petition (invoice attached as **Exhibit C**). The post-petition consulting fees were reasonable. KORE needed assistance to review and evaluate the Debtors' financial records in connection with the Debtors' request to use KORE's cash collateral. Given the prepetition issues with the Debtors' inaccurate disclosures to KORE, KORE required outside consultants to ensure that it had an accurate understanding of its collateral position.

As of September 27, 2021, KORE's legal fees and expenses consisted of the following (invoices attached as **Exhibit D**):

| | |
|---|---|
| Baker, Thomey & Emrey, P.A.: | $1,690.25 (local state court counsel) |
| Gellert, Scali, Busenkell & Brown LLC: | $10,453.210 (unopposed) |
| Buchalter: | $995.00 (specialist counsel) |
| Gordon Feinblatt LLC: | $165,933.39 (lead counsel) |
| Total: | $179,071.85 |

In reviewing the reasonableness of legal fees, courts employ the lodestar method, and need not examine the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney. *In re Milbourne*, 557 B.R. 376, 398-99 (Bankr. E.D.P.A. 2016).

Given the circumstances, KORE has engaged specialists (Buchalter) and local counsel (Baker, Thomey) and incurred modest, reasonable fees. Aside from these limited engagements, KORE has kept this matter leanly staffed, with the bulk of the legal work being performed by a single lawyer from a single firm, with support from lower-cost colleagues.

Gordon Feinblatt LLC's legal fees and expenses as of September 27, 2021 are broken down as follows:

1.  Waiver/Modification Agreement. KORE incurred pre-petition legal fees of $1,512.00 in connection with a Waiver/Modification Agreement dated June 28, 2021. This pre-petition claim is not subject to Section 506(b) and is valid and collectible under Section 502(b).



2.     Receivership Action.     KORE incurred pre-petition legal fees of $34,810.00 in connection with the receivership action commenced by KORE against the Debtors in the Circuit Court of Cecil County, Maryland.  Copies of the docket sheet and the amended petition for appointment of a receiver are attached as **Exhibit E**.  This pre-petition claim is not subject to Section 506(b) and is valid and collectible under Section 502(b).

3.     Legal Action Against StoneMor.     KORE incurred pre- and post-peition legal fees of $17,885.50 in connection with its legal action against StoneMor Operating LLC in the United States District Court for the Eastern District of Pennsylvania.  Copies of the docket sheet and the complaint against StoneMor are attached as **Exhibit F**.

4.     Confessed Judgment Action.     KORE incurred pre- and post-petition legal fees of $7,569.00 in connection with its confessed judgment action against the Debtors in the Circuit Court for Cecil County, Maryland.  Copies of the docket sheet and the complaint are attached as **Exhibit G**.

5.     Miscellaneous Collection Services.     KORE incurred miscellaneous legal fees for drafting correspondence and e-mails, telephone conferences and similar activities and services (almost all of which were pre-petition) in the total amount of $11,638.00.  These services are detailed on **Exhibit D**.

6.     Bankruptcy.     KORE incurred legal fees and expenses from August 12, 2021 to September 27, 2021 relating to the Debtors' bankruptcy cases in the total amount of $88,053.50, as detailed on **Exhibit D**.

Though KORE incurred a significant total amount of legal fees, the fees were incurred in connection with significant litigation and collection activities. KORE's precarious collateral position required it to take an active role in this case and pursue its rights and remedies in other forums. KORE had to prepare for and participate in several hearings and take discovery, and engage in motion practice. KORE's legal fees and expenses were reasonably necessary for it to protect its rights under the Loan Agreement and with respect to its cash collateral.

KORE continues to incur legal fees and other expenses, including in connection with the upcoming hearing and the pending adversary proceeding, and reserves the right to seek additional fee payments from the Debtors and KORE's collateral at the appropriate time.

Respectfully yours,

David S. Musgrave

DSM:tfl

Enclosures



cc:    Jeffrey Kurtzman, Esquire
Philip Rosenzweig, Esquire
Lucian Murley, Esquire
William Hazeltine, Esquire
William Sullivan, Esquire
Michael Busenkell, Esquire
Kevin Silverang, Esquire
Mr. Stanley Mastil